```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MADJI HAROUN,                                                          :
                                                                       :
                              Plaintiff,                               :
                                                                       :          20-cv-0100 (LJL)
            -v-                                                        :
                                                                       :             ORDER
THOUGHTWORKS, INC. and NATHAN ELSBERRY,                                :
in his individual and professional capacities,                         :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/2020

LEWIS J. LIMAN, United States District Judge:

Plaintiff Majdi Haroun moves to compel discovery pursuant to Fed. R. Civ. P. 37.  Dkt. No. 21.  The motion is denied.

Plaintiff seeks an order compelling Defendants to identify all sources of electronically stored information ("ESI") to determine: (i) where potentially responsive documents are located; and (ii) whether Defendants are taking adequate measures to search for and review responsive documents.  *Id.* at 1.  Plaintiff asserts that "to determine whether all relevant documents are being searched," he "need[s] to know not just the sources that are being searched, but also whether documents can or have been deleted from those sources and, if so, whether they are available within other sources of ESI that are not being searched."  *Id*.  He goes so far as to claim that "[w]ithout this information we have literally no way of assessing the adequacy of Defendants' search."  *Id.* at 2.  Defendants respond that they have disclosed "the multiple email, chat, and collaboration platforms that they will search."  Dkt No. 22 at 2.  But they assert that they are a large technology company and that the request for all sources of ESI could encompass "literally . . . scores of different ESI systems—from accounting and customer databases to

programming-code repositories." *Id.*  They note that Plaintiffs have identified no problem with Defendants' discovery efforts and that production of a data map would be "unduly burdensome and costly." *Id.*

Plaintiff's request is in the nature of discovery on discovery.  Plaintiff seeks documents and information that is not directly relevant to a claim or defense, but that are instead collateral.  Judge Katherine Parker has laid out the relevant principles to be applied:

> When the discovery sought is collateral to the relevant issues (*i.e.*, discovery on discovery), the party seeking the discovery must provide an "adequate factual basis" to justify the discovery, and the Court must closely scrutinize the request "in light of the danger of extending the already costly and time-consuming discovery process *ad infinitum*." *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.,* 2016 WL 3906712, at *7 (S.D.N.Y. July 14, 2016) (quoting *Freedman v. Weatherford Int'l Ltd.*, 2014 WL 3767034, at *2-3 (S.D.N.Y. July 25, 2014)).  Once relevance of the information sought or an adequate factual basis for the collateral issue discovery has been shown, the burden falls on the responding party to justify curtailing discovery.  *See Rosas v. Alice's Tea Cup, LLC*, 127 F. Supp. 3d 4, 8 (S.D.N.Y. 2015); *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York,* 284 F.R.D. 132, 134 (S.D.N.Y. 2012).

*Winfield v. City of New York*, 2018 WL 840085, at *3-4 (S.D.N.Y. Feb. 12, 2018); *see also* R. Lindholm, L. Cohen, and J. Drucker, *Successfully Defending Against Discovery on Discovery Requests*, N.Y.L.J., Jan. 31, 2020.

Ordinarily and traditionally, counsel is not required "'to disclose the manner in which documents are collected, reviewed and produced in response to a discovery request.'" *Brown v. Barnes and Noble, Inc.*, 2019 WL 7168146, at *3 (S.D.N.Y. Dec. 23, 2019) (quoting Karl Schieneman and Thomas C. Gricks III, *The Implications of Rule 26(g) on the Use of Technology-Assisted Review*, 7 Fed. Cts. L. Rev. 239, 254 (2013)).  Producing counsel certifies, pursuant to Fed. R. Civ. P. 26(g), that they have made a "reasonable inquiry" and that, to the best of their knowledge, information and belief, the discovery response is "complete and correct at the time it is made." Fed. R. Civ. P. 26(g)(A); *see also Brown*, 2019 WL 7168164, at *3.  In addition,

"attorneys, as officers of the court, are expected to comply with Rules 26 and 34 in connection with their search, collection, review and production of documents, including ESI." *Winfield*, 2017 WL 5664852, at *9. The Rules typically will require the parties to meet and confer about production of ESI. As a legal matter, "the Rules . . . require cooperation in discovery to achieve a just, speedy, and inexpensive determination of the case." *Brown*, 2019 WL 7168146, at *3. As a practical matter, the party who engages in the collection, review and production of ESI without conferring in advance with her adversary proceeds at her peril. If it turns out that the production was not reasonable and proportional, she might have to do it again. But, if a party decides not to turn over the sources of its ESI, the court may not require it to do so without an adequate factual basis. *Winfield*, 2017 WL 5664852, at *5-*6.

Plaintiff has offered no such adequate factual basis here. It does not identify any gaps in the production of ESI, any reason to believe that documents have been deleted, or any basis for asserting that Defendants are not searching all relevant and reasonably available sources of ESI that would contain material responsive to Plaintiff's document requests. Nor, contrary to Plaintiff's assertion, does Plaintiff need to know all of Defendants' sources of ESI to determine whether documents have been deleted and, if so, whether they may be available from another source. Plaintiff can inquire at deposition both about the documents that have been produced and those that have not been produced and can review the document production itself for obvious gaps. If it creates a record, it may have a basis for discovery on discovery. It does not have such a basis now.

Defendants represent, and Plaintiff does not dispute, that Plaintiff's request for an order compelling the production of documents responsive to certain search terms is now moot. Defendants are in the process of testing the terms set out in Plaintiff's Exhibit 1 and will meet

and confer with Plaintiff regarding the results.  Accordingly, the Court does not now decide whether that request complies with Rule 26.

    SO ORDERED.

Dated: October 7, 2020  
      New York, New York

                                    LEWIS J. LIMAN  
                              United States District Judge